IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **TEXAS INTERNATIONAL** | § | |
| **ENTERPRISES, INC.** | § | Case No. 25-50133 |
| | § | |
| | § | Chapter 11 |
| Debtor. | § | |

<u>**TEXAS INTERNATIONAL ENTERPRISES, INC.'S  STATUS REPORT**</u>

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Now comes TEXAS INTERNATIONAL ENTERPRISES, INC., Debtor and Debtor in possession and files this Status Report and would show the Court as follows:

**A.    <u>Debtor:</u>**

1.    The Debtor is a Texas Corporation headquartered in Laredo, Texas. It is in the business of hauling freight over the highways to and from the United States/Mexican Border. The Debtor has 1,115 trucks and 1192 trailers.

2.    The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on December 6, 2025 (the "Petition Date"), pursuant to §§1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been sought or appointed in this case, and no official committee representing any of the unsecured creditors has yet been appointed.

3.    The owner of the Debtor is Oscar A. Gomez.  He has been the president and CEO of the company since its inception in September of 2011.  The Debtor has eighteen full-time employees including its Chief Financial Officer Mr. Jose Gonzalez who is responsible for maintaining the books and records of the Debtor.  The company also uses the services of drivers who are independent contractors and outsources 135 administrative employees in Mexico.

1

**B.**     **Attendance At Meeting Of Creditors Pursuant To 11 U.S.C. § 341;**

4.     The Debtor's representative attended the initial creditors meeting on January 7, 2026. The Attorney for the United States Trustee Program conducting the meeting continued it to January 22, 2026 at 1:00 p.m.

**C.**     **Pre-Filing Events:**

5.     From 2011 until 2020 the Debtor was a successful trucking business that generated annual gross profits in excess of $14,000,000.00. The Debtor's principal believes that for a trucking company to be successful, it has to replace its trucks regularly, otherwise the trucks wear out, maintenance costs increase, and the trucks spend less time hauling freight and more time in an inoperable status while they await repair.

**Covid:**     Debtor was replacing its trucks regularly until Covid happened. In 2020 Debtor tried to purchase 250 new trucks. The seller could only deliver 40. In 2021 Debtor again tried to purchase 250 new trucks. This time, no trucks were available. In 2021 supply chain problems engendered by Covid made obtaining trucks parts for repair and replacement very difficult to impossible. Debtor's trucks began to age and wear out. With fewer trucks on the road and the cash reserves of the company began to be consumed making it difficult for the Company to meet its operational expenses.

**Mechanical Problems:**     Many of the Debtor's trucks have Paccar engines and or Eaton transmissions. Both the engine and the transmission are difficult or essentially impossible to repair for certain defects. There is a class action lawsuit pending against the company that manufactures the Paccar truck engine alleging a manufacturing defect and breach of warranty. Debtor's experience has been that the Paccar engine and the Eaton transmission are both more prone to fail than other engines and transmissions.

For a while Paccar was honoring their warranty and attempting to repair the engines. In some cases it took up to 600 days for the repair to be made. Ultimately Paccar stopped honoring their warranty. Eaton continues to honor their warranties, but again in some cases it is taking from five to six months \for a repair to be made. The failure of these engine and transmission have resulted in the Debtor having even fewer trucks on the road. At this time, the Debtor has 300 trucks that are inoperable because the failure of a Paccar engine or an Eaton transmission.

**Tariffs:** The imposition and collection of tariffs on goods crossing the U.S./Mexican border beginning in 2025 had a chilling effect on the Debtor's business. Many of its customers in Mexico reduced the amount of their production and consequently the amount of their shipments going North while they waited to see how the tariffs would effect demand for their product. Some began to build cash reserves rather than spend cash on production. This resulted in a huge downturn in the Debtor's operations and income.

**D.**     **Why the Debtor Filed:**

6. The Debtor's principal creditor is Commercial Credit Group, Inc., (CCG). Debtor has until recently enjoyed a good relationship with CCG. When Debtor began to not have the cash flow to service its CCG debt, CCG refinanced the debt in an effort to help the Debtor continue its operations. Debtor eventually fell several months behind, and CCG began to repossess its collateral by seizing two trucks on December 6, 2025. The trucks were hauling loads for two of the Debtor's principal clients. The Debtor feared that more of its trucks would be seized and more of its customers would lose or not receive their loads, thereby causing greater liability for Debtor. The Debtor believes there is sufficient equity in the company, and enough business with sufficient income for it to reorganize and pay all the allowed claims against it in a

reasonable time.  For these reasons, the Debtor availed itself of this Court's jurisdiction and bankruptcy protection.

**E.     Need for Professionals:**

7.     Debtor entered two earnest money contracts for the sale of two tracts of land prior to the filing of the bankruptcy case.  The buyer is still interested in going forward.  The sales proceeds are approximately $9,100,000.  The land is encumbered by a first lien in favor of the International Bank of Commerce (IBC).  Debtor has three other tracts of land, two of which it is considering selling as part of a plan of reorganization. Debtor will need to seek court approval for the sales as well as authority to employ the realtor.

Counsel for Debtor has filed an application to be employed as bankruptcy counsel at ECF No. 58.

II

**THE DEBTOR'S ASSETS AND LIABILITIES**

**F.     Assets :**

8.     A summary of the Debtor's assets and Debtor's estimate of values are as follows:

| | | |
|---|---|---|
| A. | Cash in banks | $178,362 |
| B. | Account receivables from factoring reserve Accounts | $304,000 |
| C. | Cars and Pickups | $73,000 |
| D. | Tractor Trucks | $1,706,000 |
| E. | CCG Trucks | $7,118,000 |
| F. | Yellow Trucks (Trucks without liens) | $989,800 |
| G. | Trailers | $11,718,200 |

| | | |
|---|---|---|
| H. | Construction Eqp & Mach | **$3,107,400** |
| I. | Office Equipment | **$68,975** |
| J. | Shop Tools | **$71,000** |
| K. | E-Log Eqpmnt & Cameras | **$90,000** |

L.   41.8 acres of land consisting of lots 5,6,7,8, and 9 in the North Webb Industrial Park, Block 1, Phase 1.  Lots 7 and 8 were subject to pre-petition contracts for sale.  The buyer is still interested. The Debtor estimates the value of the entire 41.8 acres to be approximately     **$19,100,000**

M.   1.443 acres in Bowie County, Texas known as 3097 Brinlee Road, Nash Texas     **$   487,765**

**Estimated Total Asset Value:**     **$45,985,502**

**Claims for Damages:**

**9**.   The Debtor believes it has a cause of action against Accreditor Insurance for failing to defend and/or provide coverage for two motor vehicle accidents involving the Debtors equipment. The Debtor also believes it has a breach of warranty claim against both Paccar and Eaton.  Debtor is not aware of any other claims claim for damages at this time.

**G.   Debt**

10.   So far only 4 creditors have filed proofs of claim. Debtor estimates from its schedules that the amount of its indebtedness is $42,050,111, with approximately $25,000,000 being owed to its largest creditor, Commercial Credit Group.

**H.   Executory Contract Issues**

11..   The majority of the Debtor's contracts to purchase its trucks and trailers are notes and security agreements with liens recorded on certificates of titles.

The Debtor has truck leases with the following companies for the lease and use of their equipment in the Debtor's business:

DN Freight LLC, one lease agreement for 2018 Freightliner;

Infinitra Inc., four leases for a total of 12 trucks;

Logistics Property Holding, LLC, 5 leases for a total of 6 trucks;

Marvel Transportation Services LLC, 8 leases for a total of 17 trucks;

Pedro Arturo Solano Lara, one lease for one truck;

Rona Transport and Logistics, one lease for one truck;

Solano Lara Eliezer Emmanuel, one lease for one truck;

Tactics Unlimited Group, Inc., five leases for 65 trucks.

These are executory contracts which the Debtor intends to assume.

12. The Debtor has the two earnest money contracts for the sale of Lots 7 & 8. Though the closing time on the contracts will expire before the Debtor can close, the buyer is willing to go forward with the purchases. To the extent these contracts can be honored with court approval, the Debtor intends to assume these contracts.

13. The Debtor also has a lease agreement with Toshiba Business Solutions for the lease of six Lexmark printers. The Debtor intends to assume this lease.

I. **Post Petition Matters:**

14. **Adequate Protection:** The Debtor is offering to pay all of its secured creditors whose collateral does not equal or exceed the amount of the debt secured by the collateral, a monthly amount equal to 1.25% of the value of the collateral on the petition date.

15. **Cash Collateral:** Debtor has entered an Interim Order with CCG for the use of cash collateral [ECF No. 36]. There is a final hearing set on cash collateral for January 14, 2026. Debtor's counsel and CCG's counsel have been conversing about cash collateral and adequate protection. Debtor's counsel is hopeful that an additional interim order can be entered to obviate

the need for an evidentiary hearing on the 14th. The parties are still conferring.

**J.     Pending Motions:**

16.    There is currently pending one Motion for Relief from Stay filed by CCG [ECF No. 54]. The preliminary hearing on this motion is set for January 21, 2026.

17.    The Debtor's Motion to Employ Bankruptcy Counsel [ECF No.58 ] is also pending.

18.    **Discovery:**    So far no discovery has been requested or scheduled.

**Co-debtor Stay**:

19.    There is no co-debtor stay.  Counsel understands that this is not relief readily granted by most bankruptcy courts.  Mr. Gomez personally guaranteed all of the debt of the Debtor. He is currently being sued individually in two state court lawsuits.

One of these is in North Carolina by CCG. Mr. Gomez is being sued for $27,884,696.91. with interest accruing in this in the amount of $12,572.70 per day.

The other is in Tarrant County Texas by Ameris Bank d/b/a Vendor Service Center for $192,694.04.

Counsel has approached other bankruptcy practitioners about representing Mr. Gomez, but the creditor list in this case pretty much conflicts out most high-dollar bankruptcy lawyers.  Mr. Gomez may have no choice but to hire state court litigators to defend the state court actions.

**K.     Plan:**

20.    The Debtor proposes to surrender equipment that costs too much to maintain and/ or cannot be used to make a profit so that it can operate more efficiently  It also plans to use equity in its real estate holdings to help finance the plan and pay monthly operating costs until such time as the Debtor's business improves to a level where it can operate at a robust profit.  Debtor will

also use the equity in its real estate to try to arrange a credit facility to allow it to replace roughly one third of its trucks every year.

                                                Respectfully submitted.

                                                Law Office of Carl M. Barto

                                                */s/ Carl M. Barto*
                                                Carl M. Barto , TBN 01852100
                                                Attorney for Debtors
                                                817 Guadalupe
                                                Laredo, Texas 78040
                                                956   725-7500 Telephone
                                                956   722-6739 Facsimile
                                                ATTORNEY FOR CHAPTER 11 DEBTOR

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document was served on all parties having filed an appearance, affected parties, and creditors who could be reached by ECF electronic service on  January 7, 2026.

                                                */s/Carl M. Barto*
                                                Carl M. Barto