**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| TEXAS INTERNATIONAL | § | |
| ENTERPRISES, INC. | § | |
| | § | CASE NO. 25-50133 |
| DEBTOR | § | |

**BOWIE CENTRAL APPRAISAL DISTRICT, DILLEY ISD AND FRIO HOSPITAL DISTRICT'S OBJECTION TO THE FIRST AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN OF TEXAS INTERNATIONAL ENTERPRISES, INC. <u>DATED JULY 7, 2026</u>**

TO THE COURT:

Now come Bowie Central Appraisal District, Dilley ISD and Frio Hospital District (the "Ad Valorem Tax Authorities[1]") and file their Objection to the First Amended Combined Disclosure Statement and Plan of Texas International Enterprises, Inc. Dated July 7, 2026 (ECF #214) and respectfully represent the following:

1.    The Ad Valorem Tax Authorities are units of local government in the State of Texas which possess the authority under the laws of the State to assess and collect ad valorem taxes on real and personal property.

2.    The Ad Valorem Tax Authorities filed their pre-petition secured proofs of claim herein for ad valorem property taxes assessed against the Debtor's business personal properties for tax years 2022 through 2025 as follows:

      a.    Bowie Central Appraisal District    $10,344.38 (Claim No. 1)
      b.    Dilley ISD    $10,675.14 (Claim No. 2)

---

[1] The undersigned counsel for Linebarger Goggan Blair & Sampson, LLP only represents Dilley ISD and Frio Hospital District and the undersigned counsel for McCreary, Veselka, Bragg & Allen, P.C. only represents Bowie Central

1

  c.  Frio Hospital District    $2,057.01 (Claim No. 3)

3. The Ad Valorem Tax Authorities' claims are for business personal property taxes incurred by the Debtor in the ordinary course of business.  These taxes are secured by first priority liens pursuant to Texas Property Tax Code §§32.01 and 32.05.  In pertinent part, §32.01 provides

(a) **On January 1 of each year, a tax lien attaches** to property to secure the payment of all taxes, penalties and interest ultimately imposed for the year . . . .

(b) A tax lien on inventory, furniture, equipment, or their personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.

(c) The lien under this section is perfected on attachment and . . . **perfection requires no further action** by the taxing unit.

4. The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien.  See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien).  The tax lien arises on January 1 of each tax year and "floats" to after acquired property.  See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994).  The tax lien is a lien *in solido* and is a lien of all personal property of the Debtor.  See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002).  The tax lien is also unavoidable.  See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

5. The Ad Valorem Tax Authorities object to the Plan's proposed payment terms and assert that their ad valorem tax claims should be paid within 5 years from the Petition Date pursuant to

Appraisal District for all ad valorem tax entities located within their respective jurisdictional limits

11 U.S.C. §1129(9)(D).  Furthermore, the Ad Valorem Tax Authorities object to the proposed monthly payment amounts specified in the Plan as any payment amount is likely to change dependent upon the date of the confirmation order and the Plan's Effective Date.

6.  The Ad Valorem Tax Authorities object to the Plan in that it fails to provide a defined Effective Date.  Because the commencement of payment is triggered by the Effective Date, the Ad Valorem Tax Authorities assert the need for a date certain.

7.  The Ad Valorem Tax Authorities further object to the proposed Plan in that it fails to provide an adequate post-petition and post-confirmation rate of interest to fully protect the Ad Valorem Tax Authorities' interest in the property.  The Ad Valorem Tax Authorities aver that their oversecured claims should be paid post-petition interest at the rate 12% per annum, beginning from the petition date until paid in full pursuant to §506(b) and §511 of the Code. Post-confirmation interest should also accrue at the rate of 12% per annum until the claims are paid in full.

8.  The Ad Valorem Tax Authorities further object to the proposed Plan as it fails to provide that, in the event the Debtors/Reorganized Debtors sell, convey or transfer any properties which are the collateral of the Ad Valorem Tax Authorities' pre-petition claims, the Debtors/Reorganized Debtors shall remit such sales proceeds first to the Ad Valorem Tax Authorities to be applied to the ad valorem tax debt incident to any such tax account sold, conveyed or transferred and such proceeds shall be disbursed by the closing agent at the time of closing prior to any disbursement of the sale proceeds to any other person or entity.

9.  The Ad Valorem Tax Authorities object to the Plan's failure to include a claim objection deadline and request an objection period of sixty (60) days from the Effective Date.

10. Further, the Plan should provide that post-petition taxes (tax year 2026 and subsequent tax years) are an ordinary course administrative expense of the estate and should be treated and paid in the ordinary course as required under 28 U.S.C. 959 and 960 without the need for filing an administrative claim and request for payment.  11 U.S.C. §503(b)(1)(D).

11. The Ad Valorem Tax Authorities object to the Plan's failure to include adequate default provisions that set forth the rights and remedies available to the respective parties.

**WHEREFORE, PREMISES CONSIDERED**, the Ad Valorem Tax Authorities pray that this Court deny the Debtor's Plan and grant them all relief as may be just.

Respectfully submitted,

**LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP**
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205
(210) 225-6763 - Telephone
(210) 225-6410 - Fax

By:      /s/ Don Stecker
         David G. Aelvoet (SBN 00786959)
         Don Stecker (SBN 19095300)
         **Attorney for Dilley ISD and
         Frio Hospital District**


**McCREARY, VESELKA,
BRAGG & ALLEN, PC**
P.O. Box 1269
Round Rock, TX 78680
(512) 323-3241 - Telephone
(512) 323-3205 - Fax
Email:  jparsons@mvbalaw.com

By: */s/ Julie Anne Parsons*
Julie Anne Parsons (SBN 00790358)
**Attorney for Bowie Central Appraisal District**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Objection of Ad Valorem Tax Authorities to the First Amended Combined Disclosure Statement and Plan of Texas International Enterprises, Inc. Dated July 7, 2026 was served this the 31st day of July, 2026 by Electronic Filing to all parties receiving such notices and/or by First Class Mail upon the following:

Debtor:
Texas International Enterprises, Inc.
13522 Evolution Loop
Laredo, TX 78045

Attorney for Debtor:
Carl M. Barto
817 Guadalupe Street
Laredo, TX 78040

Counsel for U.S. Trustee:
Jessica L Hanzlik
United States Trustee Program
615 E. Houston Street, Ste 533
San Antonio, TX 78205

United States Trustee:
US Trustee's Office
615 E Houston, Suite 533
San Antonio, TX 78205

__/s/ Don Stecker_____ __
Don Stecker