United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 27, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **TEXAS INTERNATIONAL** | § | |
| **ENTERPRISES, INC.** | § | **Case No. 25-50133** |
| | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**ORDER CONFIRMING REVISED SECOND AMENDED PLAN OF REORGANIZATION**
**[EXHIBIT "A" TO ECF NO. 245]**

On August 27, 2026, the Court held a hearing on confirmation of the Revised Second Amended Plan of Reorganization of Texas International Enterprises, Inc. (the "Plan") [ECF No. 245]. Appearances are noted on the record. The Court, having considered the Plan, the Disclosure Statement, the Proffer of Oscar Gomez submitted in support of confirmation, the ballots cast, and the record in this case, and finding that the requirements of 11 U.S.C. § 1129(a) have been satisfied, and good cause appearing, it is hereby **ORDERED** that:

1. The Disclosure Statement previously subject to provisional approval under the Court's guidelines is hereby APPROVED and the Plan [Exhibit "A" to ECF No. 245], as amended by and incorporating the Second Amended Plan (the "Plan") is CONFIRMED .

2. The Plan complies with § 1123(a) and (b) and the applicable provisions of § 1129(a), including that the Plan was proposed in good faith, complies with applicable law, and provides adequate means for implementation.

3. The Objections and the Reservation of Rights filed to the Plan as filed at Docket 214 on July 10, 2026 have been resolved through the amendments to the Plan as filed on August 24, 2026.

4. Classes 1, 2, 4, 5, 6, 14, 14.2, 15, 17, and 19, impaired classes of claims excluding insiders, voted to accept the Plan, satisfying § 1129(a)(10).

5. Classes 3, 7,8,9,10,11,12,13, and 16 have not accepted the Plan. The Plan is confirmed as to those classes under § 1129(b), the Court finding that the Plan does not discriminate unfairly against any such class and is fair and equitable as to each.

6. Classes 1 through 18 retain their liens and receive deferred cash payments having a present value, as of the Effective Date, equal to the full allowed amount of their secured claims,

satisfying § 1129(b)(2)(A); and Class 19 receives deferred cash payments having a present value, as of the Effective Date, equal to the full allowed amount of its claims, satisfying § 1129(b)(2)(B)(i).

7. At least one impaired class of claims, excluding insiders, voted to accept the Plan, satisfying § 1129(a)(10).

8. Class 19 (General Unsecured Claims) voted to accept the Plan, satisfying § 1129(a)(8) as to that class.

9. All classes of secured claims (Classes 1 through 18) shall retain their liens as set forth in Article IV of the Plan until paid in full, and shall receive the treatment set forth therein.

10. The equity interest of Oscar Gomez (100%) is retained as provided in the Plan.

11. The following paragraph was inadvertently deleted from the Plan. The paragraph is reinstated and incorporated into the Plan as though fully set forth therein:

    6.01 Assumed Executory Contracts and Unexpired Leases. The truck leases accepted or rejected in 6.01 (a) and 6.01(b) below are for truck leased from the parties named in the in those sections of the Plan. None of the trucks are leased from CCG. The trucks for the rejected leases have already been taken back by their owners.

12. All executory contracts and unexpired leases identified in Article VI of the Plan are assumed as of the Effective Date. All executory contracts and unexpired leases not so assumed are deemed rejected as of the Effective Date.

13. The Effective Date of the Plan shall be on or before the first business day following the date that is fourteen (14) days after entry of this Order, unless a stay of this Order is in effect on that date, in which case the Effective Date shall be the first business day after such stay expires or is terminated.

14. Upon the Effective Date, all property of the estate shall vest in the reorganized Debtor free and clear of all claims and interests subject to the retention of the liens and security interests that remain in effect as set forth and as provided in the Plan and this Order.

15. The discharge, injunction, and other provisions of Article IX of the Plan are approved and shall take effect as provided therein.

16. The Court shall retain jurisdiction over this case as provided in the Plan and applicable law, including for purposes of resolving disputes arising under or related to the Plan and this Order.

Signed: August 27, 2026

Jeffrey P. Norman
United States Bankruptcy Judge